1
2
3
4
5
6
7                              UNITED STATES DISTRICT COURT

8                                    DISTRICT OF NEVADA

9                                           * * *

10   C. NICHOLAS PEREOS aka COSTA N.          Case No. 3:13-cv-00386-MMD-VPC
     PEREOS,
11                                                         ORDER
                                  Plaintiff,
12          v.

13   NATIONSTAR MORTGAGE, LLC, et al.,

14                               Defendants.

15

16   I.     **SUMMARY**

17          Before the Court is Plaintiff's Objection to Petition for Removal (dkt. no. 9),

18   construed as a motion to remand, Defendant Nationstar Mortgage, LLC's ("Nationstar")

19   Motion to Set Aside Default and Vacate Default Judgment (dkt. no. 22-1), and Defendant

20   Mortgage Electronic Registration System, Inc.'s ("MERS") Motion to Dismiss (dkt. no. 8).

21   For the reasons set forth below, Plaintiff's request for remand is denied, Nationstar's

22   Motion is granted, and MERS' Motion is granted.

23   II.    **BACKGROUND**

24          Plaintiff C. Nicholas Pereos purchased the property located at 2141 Hussium

25   Road, Unit 205, Las Vegas, Nevada. (Dkt. no. 1-1 at 31.) Mr. Pereos obtained a loan of

26   $100,000 ("the Loan") from Charter Funding ("Charter"), and executed a promissory note

27   ("Note") that was secured by a deed of trust on the property ("Deed of Trust") for

28   $100,000. (Dkt. no. 8-1.) The Deed of Trust names Charter as lender, Nevada Title

1  Company as trustee, and MERS as beneficiary. (*Id.*) The Deed of Trust was recorded on

2  January 10, 2005, in the official records of Clark County, Nevada. (*Id.*)

3      On July 16, 2013, three days before Defendants removed this case, an

4  assignment of the Deed of Trust was signed by MERS as nominee of Charter in favor of

5  Nationstar Mortgage LLC ("Nationstar"). (Dkt. no. 8-2.) The Assignment was recorded in

6  Clark County on July 18, 2013. (*Id.*)

7      Defendants removed the instant action on July 19, 2013. The Court agrees that it

8  is difficult to ascertain the causes of action that Plaintiff intends to bring. Defendants'

9  uncontested representation is that Plaintiff advised defendants that his claims are for:

10  (1) negligence; (2) defamation; (3) "liable to creditworthiness"; (4) slander; (5) breach of

11  contract; and (6) breach of the covenant of good faith and fair dealing. (Dkt. no. 8 at 3.)

12  All claims seem to be derived from Plaintiff's allegation that Defendants caused it to be

13  reported publically and to credit reporting agencies that Plaintiff was delinquent on his

14  mortgage with the intent to adversely affect Plaintiff's credit rating and financial credit

15  worthiness. (*See* dkt. no. 1-1 at 32.)

16  **III.    JURISDICTION**

17      Following Defendants' removal of the instant action, Plaintiff filed an "Opposition

18  to Petition for Removal of Action." (Dkt. no. 9.) While not filed properly as a Motion to

19  Remand, the Court will address the jurisdictional issues raised by Plaintiff.

20      **A.    Legal Standard**

21      Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction

22  only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2,

23  cl. 1; *see e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A

24  suit filed in state court may be removed to federal court if the federal court would have

25  had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly

26  construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must*

27  be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v.*

28  *Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking

1  removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin*
2  *Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

3  To establish subject matter jurisdiction pursuant to diversity of citizenship, the
4  party asserting jurisdiction must show: (1) complete diversity of citizenship among
5  opposing parties, and (2) an amount in controversy exceeding $75,000. 28 U.S.C.
6  § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity
7  jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the
8  plaintiff's Complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a
9  preponderance of the evidence, that the amount in controversy meets the jurisdictional
10  limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). In considering what
11  evidence may be considered under (2) above, the Ninth Circuit has adopted the
12  "practice of considering facts presented in the removal petition as well as any 'summary-
13  judgment[sic]-type evidence relevant to the amount in controversy at the time of
14  removal.'" *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.
15  2003) (*quoting Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir.
16  1997)).

17  For jurisdictional purposes, the amount in controversy is determined by the
18  amount at stake in the underlying litigation. *Theis Research, Inc. v. Brown & Bain*, 400
19  F.3d 659, 662 (9th Cir. 2005). In determining the amount in controversy, a district court
20  may consider the amount of compensatory and punitive damages recoverable based on
21  plaintiff's complaint as well as attorney fees, but may not consider interest and cost of
22  suit. *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (*citing Hunt v. Wash.*
23  *State Apple. Adver. Comm'n*, 432 U.S. 333, 347-48 (1977)).

24  **B.    Discussion**

25  Plaintiff makes a number of arguments against federal court jurisdiction. First,
26  Plaintiff argues that federal jurisdiction is not appropriate in this case given that
27  Defendant Charter is in bankruptcy. In Defendants' Petition for Removal, they explain
28  that Charter is a trade name under which Magnus Financial Corporation ("First Magnus")

conducted business. (Dkt. no. 1 at 3.) They further explain that First Magnus/Charter filed for Chapter 11 bankruptcy protection on August 21, 2007, before Plaintiff brought his case. (*Id.* at 3–4.) Plaintiff asserts that as a result, litigation in this case must be stayed as to all Defendants. The Court disagrees. The language of 11 U.S.C. § 362 extends only to actions against the debtor. Circuit courts, including the Ninth Circuit, have therefore consistently held that 11 U.S.C. § 362 stays litigation only against the debtor. *See, e.g.*, *Boucher v. Shaw*, 572 F.3d 1087, 1092 (9th Cir. 2009).

Second, Plaintiff suggests that removal was improper as Charter did not join the Petition for Removal. However, where a defendant is in bankruptcy at the time suit is brought against it, that defendant is construed as "fraudulently joined" and need not consent to removal. *Brown v. Jevic*, 575 F.3d 322 (3d Cir. 2009); *see also Wankowski v. Taylor Bean & Whitaker Mortg. Corp.*, No. 2:10-cv-538, 2010 WL 2757324, at *1 (D. Nev. July 8, 2010).

Finally, Plaintiff argues that removal was not timely and that Nationstar was not a diverse party. MERS, the last served Defendant and removing party, was served on July 1, 2013 (dkt. no. 1, Ex. C), and the Petition for Removal was filed on July 19, 2013 (dkt. no. 1). Removal was therefore timely. Defendant Nationstar is a Delaware limited liability company, with a principle place of business in Texas and therefore diverse. (*See* dkt. no. 14 at 5.)

The Court therefore will exercise jurisdiction over this case and denies Plaintiff's request for remand.

## IV.   MOTION TO SET ASIDE DEFAULT AND VACATE DEFAULT JUDGMENT

Plaintiff filed his lawsuit in the Second Judicial District Court of Nevada on January 24, 2013, and served Nationstar through its registered agent in February 2013[1].

_____

[1] Nationstar represents that they were served on February 15, 2013 (dkt. no. 1-1 at 2), while Plaintiff represents that it served Nationstar on February 21, 2013 (dkt. no. 1-1 at 79). Neither party cites to a document in support of its date therefore the Court cannot determine which is correct. For the purpose of this Order, this small discrepancy is not significant.

1   Nationstar did not respond to the complaint and judgment was entered against it on May

2   20, 2013 (Dkt. no. 1-1 at 58). On June 12, 2013, Nationstar filed its Motion to Set Aside

3   Default and Vacate Default Judgment. (Dkt. no. 22-1.) The Court has reviewed the

4   Motion, Plaintiff's Opposition (dkt. no. 22-2), and Nationstar's Reply (dkt. no. 22-3).

5   **A.    Legal Standard**

6           Although default was entered in state court, the Federal Rules of Civil Procedure

7   govern the setting aside of such a default subsequent to removal. *See Butner v.*

8   *Neustadter*, 324 F.2d 783, 785–86 (9th Cir. 1963). Pursuant to Rule 55(c), a district court

9   may set aside the entry of default upon a showing of good cause. Once default judgment

10  has been entered, relief is governed by Rule 60(b). Where a defendant seeks relief

11  under Rule 60(b)(1) based upon "excusable neglect," the court applies the same three

12  factors governing the inquiry into "good cause" under Rule 55(c). *U.S. v. Signed*

13  *Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010). In

14  determining whether good cause exists, a court must consider three factors:

15  "'(1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious

16  defense, and (3) whether culpable conduct of the defendant led to the default.'" *Brandt*

17  *v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011) (quoting *Falk v.*

18  *Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). These factors, which are consistently referred

19  to as the "'*Falk* factors,'" are disjunctive. *Brandt*, 653 F.3d at 1111 (quoting *Falk*, 739

20  F.2d at 463) (emphasis in original). The court may refuse to set aside the default if it

21  holds any one of the three factors is true. *Mesle*, 615 F.3d at 1091.

22          "'[J]udgment by default is a drastic step appropriate only in extreme

23  circumstances; a case should, whenever possible, be decided on the merits.'" *Mesle*,

24  615 F.3d at 1091 (quoting *Falk*, 739 F.2d at 463) (alternation in original). The *Falk*

25  factors are more liberally applied in the context of a clerk's entry of default than in the

26  default judgment context. *Mesle*, 615 F.3d at 1091 n.1 (quoting *Cracco v. Vitran Exp.,*

27  *Inc.*, 559 F.3d 625, 631 (7th Cir. 2009)); *see also Haw. Carpenter's Trust v. Stone*, 794

28  F.2d 508, 513 (9th Cir. 1986). "'The court's discretion is especially broad where . . . it is

1    entry of default that is being set aside, rather than a default judgment.'" *Aristocrat Techs,*

2    *Inc. v. High Impact Design & Entm't*, 642 F. Supp. 2d 1228, 1233 (D. Nev. 2009)

3    (quoting *O'Connor v. State of Nev.*, 27 F.3d 357, 364 (9th Cir. 1994)).

4         **B.    Discussion**

5              **1.    Whether Defendant engaged in culpable conduct**

6         "A defendant's conduct is culpable if he has received actual or constructive notice

7    of the filing of the action and *intentionally* failed to answer."  *TCI Group Life Ins. Plan v.*

8    *Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001) (emphasis in original).  In order for a failure

9    to answer to be intentional, "the movant must have acted with bad faith."  *Mesle*, 615

10   F.3d at 1092. "A movant cannot be treated as culpable simply for having made a

11   conscious choice not to answer." *Id.* If a defendant neglectfully[2] fails to answer, yet offers

12   a "credible, good faith explanation negating any intention to take advantage of the

13   opposing party, interfere with judicial decision making, or otherwise manipulate the legal

14   process[,]" he or she is not necessarily culpable. *TCI Group*, 244 F.3d at 697-98 (holding

15   that defendant's family emergency explanation for missing the deadline to answer a

16   motion for summary judgment was "weak, but not the result of 'deviousness or

17   willfulness.'") (quoting *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1225 (9th Cir.

18   2000)). Culpable behavior "usually involves conduct by parties that is calculated to help

19   them retain property in their possession, and avoid liability by staying out of court: for

20   instance, when companies act to avoid service in order to thwart their customers'

21   attempts to bring suit against them."  *Mesle*, 615 F.3d at 1094.

22        Nationstar represents that its paralegal Jaleesa Komolafe was responsible for

23   reviewing its registered agent, Corporation Service Company's ("CSC") website each

24   week to ensure that all new lawsuits were identified and referred for handling. (Dkt. no.

25   22-1 at 2.) She also was responsible for reviewing each week the prior week's listings to

26   _____

27        [2]In this context, "'[n]eglect' 'encompasses simple, faultless omissions to act and,
     more commonly, omissions caused by carelessness.'" *TCI Group*, 244 F.3d at 697
28   (quoting *Pioneer Inv. Servs Co.v. Brunswick Assocs Ltd. P'ship*, 507 U.S. 380, 388
     (1993)).

confirm that CSC did not upload service information for the prior week after she had reviewed that week's listings. (*See id.* at 2–3.) Nationstar represents that Ms. Komolafe did not see a listing for the instant case when she reviewed the CSC website the week of February 15, 2013, and that in a "one-time deviation from her normal practice, Ms. Komolafe forgot to go back to the prior week to ensure she identified and assigned every new case for handling." (*Id.* at 3.) Nationstar, therefore, represents that its failure to respond was due to an inadvertent failure to timely assign the case for handling. (*See Id.*)

Plaintiff has presented no evidence of bad faith as it relates to Nationstar's failure to respond to Plaintiff's Complaint in a timely fashion. Accordingly, because Nationstar immediately moved to set aside entry of default and because Nationstar's explanation for missing the deadline demonstrates that it did not intend "to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process," the Court holds that Nationstar has not engaged in culpable conduct. *TCI Group*, 244 F.3d at 697–98.

### 2. Whether Defendant has a meritorious defense

"A party in default . . . is required to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." *Haw. Carpenters' Trust Funds*, 794 F.2d at 513. The defendant's burden is minimal. *Mesle*, 615 F.3d at 1094. "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense . . . ." *Id.* at 1094 (quoting *TCI Group*, 244 F.3d at 700). "A meritorious defense is one which, if proven at trial, will bar plaintiff's recovery." *Aristocrat Techs*, 642 F. Supp. 2d at 1233 (quoting *Accu-Weather, Inc. v. Reuters Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991)). "'[M]ere legal conclusions, general denials, or simple assertions that the movant has a meritorious defense' are, however, insufficient to justify upsetting the underlying judgment." *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988) (quoting *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978)). "To permit reopening of the case in the absence of some showing of a meritorious defense would

1  cause needless delay and expense to the parties and court system." *Haw. Carpenters'*
2  *Trust Funds*, 794 F.2d at 513.

3      Nationstar has not presented any facts which might constitute a defense.
4  Therefore, this factor weighs in favor of Plaintiff.

5              **3.    Whether the Plaintiff will be prejudiced**

6      Plaintiff will not be prejudiced by setting aside the clerk's entry of default. "To be
7  prejudicial, the setting aside of a judgment must result in greater harm than simply
8  delaying resolution of the case." *TGI Group*, 244 F.3d at 700. Rather, "the delay must
9  result in tangible harm such as loss of evidence, increased difficulties of discovery, or
10  greater opportunity for fraud or collusion." *Id.* at 701 (citing *Thompson v. Am. Home*
11  *Assur. Co.*, 95 F.3d 429 (6th Cir. 1996).

12      In its Opposition, Plaintiff does not allege that setting aside the clerk's entry of
13  default will prejudice it in any way. Further, because Nationstar filed its Motion to Set
14  Aside Default quickly after the Clerk's Entry of Default, it is unlikely that there has been
15  an opportunity for fraud or collusion or that Plaintiff has suffered a loss of evidence or will
16  encounter an increased difficulty of discovery. For these reasons, this factor weighs in
17  favor of Nationstar.

18      Although the Court may refuse to set aside default if it finds one of the factors is
19  true, the Court's discretion remains especially broad. *Mesle*, 615 F.3d at 1091; *Aristocrat*
20  *Techns*, 642 F. Supp. at 1233. Since two of the three factors in the "good cause"
21  analysis for setting aside a default under Rule 55(c) favor Defendant, the Court grants
22  Defendant's Motion to Set Aside and Vacate Default. Defendant did not engage in
23  culpable conduct and setting aside the default will not prejudice Plaintiff. Therefore, the
24  Court holds that refusing to set aside the default would be contrary to the Ninth Circuit's
25  long held policy in favor of deciding cases on the merits whenever possible. *Mesle*, 615
26  F.3d at 1091 (quoting *Falk*, 739 F.2d at 463).

27  / / /

28  / / /

1    **V.    MOTION TO DISMISS**

2        **A.    Legal Standard**

3        A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

4    relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide

5    "a short and plain statement of the claim showing that the pleader is entitled to relief."

6    Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While

7    Rule 8 does not require detailed factual allegations, it demands more than "labels and

8    conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

9    *Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

10   "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550

11   U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient

12   factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at

13   678 (internal citation omitted).

14       In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

15   apply when considering motions to dismiss. First, a district court must accept as true all

16   well-pled factual allegations in the complaint; however, legal conclusions are not entitled

17   to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action,

18   supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district

19   court must consider whether the factual allegations in the complaint allege a plausible

20   claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

21   alleges facts that allow a court to draw a reasonable inference that the defendant is

22   liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the

23   court to infer more than the mere possibility of misconduct, the complaint has "alleged —

24   but not shown — that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks

25   omitted).  When the claims in a complaint have not crossed the line from conceivable to

26   plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

27       A complaint must contain either direct or inferential allegations concerning "all the

28   material elements necessary to sustain recovery under *some* viable legal theory."

1    *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

2    1106 (7th Cir. 1989) (emphasis in original)).

3         **B.**    **Discussion**

4         Defendant argues that Plaintiff's complaint is "difficult to decipher" and that it

5    cannot determine how many causes of action Plaintiff is attempting to assert and what

6    those causes of action are. (*See* dkt. no. 8 at 4.) Defendants represent that Plaintiff

7    advised defendants that his claims are for: (1) negligence; (2) defamation; (3) "liable to

8    creditworthiness"; (4) slander; (5) breach of contract; and (6) breach of the covenant of

9    good faith and fair dealing. (Dkt. no. 8 at 3.) While Plaintiff has not contested this

10    representation, Defendant does not indicate how Plaintiff advised defendants. It is not

11    the role of the Court to guess at Plaintiff's claims nor accept Defendant's

12    characterization.

13         Plaintiff's complaint is, therefore, so deficient that the Court cannot ascertain the

14    causes of action or the facts upon which they rely. The complaint does not give fair

15    notice of the claims or factual allegations to allow MERS to answer or defend itself.

16    Plaintiff's opposition does not clarify the issue as it does not address Defendant's

17    arguments regarding each claim. At best, the complaint offers legal conclusions not

18    afforded the assumption of truth. While Plaintiff is representing himself pro se, given that

19    he is an attorney he "cannot take advantage of the leniency granted either to non-

20    attorneys, or to clients who have been victimized by the poor draftsmanship of their

21    attorneys." *Wolfgram v. State Bar of Cal.*, No. 95-15643, 1996 WL 393839, at *3 (9th Cir.

22    May 13, 1996). Accordingly, Plaintiff has failed to state a claim upon which relief can be

23    granted.

24         Even if the Court were to accept Plaintiff's claims to be the six represented by

25    Defendants, Plaintiff's Complaint cannot survive Defendant's Motion. Each claim

26    appears to relate to loan servicing errors and improper credit reporting. As MERS

27    explains, it neither services loans nor performs any credit reporting functions. *See*

28    *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1038–40 (9th Cir. 2011).

1  Indeed, it is not a signatory to the deed of trust, as a nominee beneficiary, and thus not

2  party to a contract with Plaintiff. As a result, none of the claims raised by Plaintiff, as best

3  construed by the Court, can be brought against MERS.

4  **VI.    CONCLUSION**

5          The Court notes that the parties made several arguments and cited to several

6  cases not discussed above. The Court has reviewed these arguments and cases and

7  determines that they do not warrant discussion as they do not affect the outcome of the

8  Motion.

9          It is therefore ordered that Plaintiff's Objection to Petition for Removal (dkt. no. 9),

10 construed as a motion to remand, is denied.

11         It is further ordered that Nationstar Mortgage, LLC's Motion to Set Aside Default

12 and Vacate Default Judgment (dkt. no. 22-1) is granted.

13         It is further ordered that Defendant Mortgage Electronic Registration System,

14 Inc.'s Motion to Dismiss (dkt. no. 8) is granted. Accordingly, all claims against Defendant

15 MERS are dismissed.

16         DATED THIS 28th day of February 2014.

17

18

19                                                      _____
                                                        MIRANDA M. DU
20                                                      UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

11