UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| C. NICHOLAS PEREOS aka COSTA N. PEREOS,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>NATIONSTAR MORTGAGE, LLC, et al.,<br>　　　　　　　　Defendants. | Case No. 3:13-cv-00386-MMD-VPC<br><br>ORDER |

**I.   SUMMARY**

Before the Court are the following motions: (1) Defendant Nationstar Mortgage, LLC's Motion to Dismiss ("Motion") Plaintiff's Second Amended Complaint ("SAC") (dkt. no. 41); and (2) Plaintiff C. Nicholas Pereos's Motion for Reconsideration of Order No. 62 (dkt. no. 63). For the reasons set out below, Defendant's Motion to Dismiss is granted and Plaintiff's Motion for Reconsideration is denied.

**II.   BACKGROUND**

This dispute arises out of Defendant's furnishing of Plaintiff's information to credit reporting agencies. The following facts are taken from the SAC and the parties' briefs.

In 2004, Plaintiff obtained a mortgage loan ("Loan") and executed a promissory note secured by a deed of trust ("Deed of Trust") to effectuate the purchase of property in Las Vegas, Nevada. (Dkt. no. 39 at 2; dkt. no. 43-1.) Defendant acquired the servicing rights on the Loan and notified Plaintiff that it would begin servicing the Loan on October 15, 2011.[1] (Dkt. no. 39 at 2; dkt. no. 43, Ex. 2.) The Deed of Trust was subsequently

---

[1] Defendant acquired the servicing rights from Bank of America. (Dkt. no. 39 at 2.)

assigned to Defendant in July 2013. (Dkt. no. 41-2.) Defendant presently remains the servicer of the Loan.

Plaintiff asserts that he made all required monthly loan payments to Defendant. (Dkt. no. 39 at 2.) However, on or about the second quarter of 2012, Defendant reported to "credit reporting agencies" that Plaintiff was "delinquent on [his] mortgage." (*Id.* at 3.) Plaintiff learned that his credit report contained this remark when he attempted to refinance several mortgage loans. (Dkt. no. 43-1.) Plaintiff notified Defendant that he was current on his payments and that Defendant reported inaccurate information to the credit reporting agencies. (*Id.*) Plaintiff also made numerous requests directly to Defendant to correct the reporting error, to no avail. (Dkt. no. 39 at 4; *see* dkt. no. 43, Exh. 4.) Plaintiff alleges that Defendant reported the delinquency knowing it would adversely affect his credit rating and cause him financial harm. (Dkt. no. 39 at 3.) According to Plaintiff, his credit rating has been negatively impacted, causing him to be unable to obtain favorable interest rates and insurance premiums. (Dkt. no. 43-1.)

Plaintiff asserts five state law claims: (1) "negligence, careless and intentional actions by the Defendant in publishing and reporting incorrect information;" (2) libel/slander; (3) "negligence and carelessness by Defendant in managing the information" regarding Plaintiff's account; (4) breach of contract; and (5) breach of the implied covenant of good faith and fair dealing. (Dkt. no. 39.)

## III. DISCUSSION

### A. Legal standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Rule 8 notice pleading standard requires Plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted). While Rule 8 does not require detailed

factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint "do[es] not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not shown — that the pleader is entitled to relief." *Id.* at 679 (alteration and internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain

///

1  recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford*
2  *Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (internal quotation marks omitted).

3  Moreover, although *pro se* pleadings are to be liberally construed, a plaintiff must
4  still present factual allegations sufficient to state a plausible claim for relief. [2] *Hebbe v.*
5  *Pliler,* 627 F.3d 338, 341–42 (9th Cir. 2010).

**B.  Analysis**

Defendant argues that Plaintiff's claims are preempted under the broad preemption provision of the Fair Credit Reporting Act, specifically 15 U.S.C. § 1681t(b)(1)(F). In the alternative, Defendant argues that dismissal is proper because Plaintiff fails to state a claim for relief. Plaintiff counters that the FCRA does not apply to preempt his claims, and argues that even if his allegations are preempted, they support a "viable" claim under the FCRA. Plaintiff asserts that the FCRA's private right of action provisions govern his claims. Plaintiff further argues that his claims are properly pleaded under Federal Rule of Civil Procedure 8(a)(2).

As an initial matter, the Court declines to address Defendant's cursory total preemption argument. Defendant contends that courts have interpreted § 1681t(b)(1)(F) to preempt "common law claims arising from alleged credit reporting errors" and that Plaintiff's claims are preempted because they are based on "alleged credit reporting errors." (Dkt. no. 41 at 4-5.) Defendant acknowledges in a footnote the tension between § 1681t(b)(1)(F)'s broad preemption and the FCRA's narrower preemption provision, § 1681h(e) (*id.* at 4 n.2); however, Defendant fails to address how such conflict should be resolved in favor of total preemption in light of the specific claims alleged in this case, including the general allegations of willful conduct (*see* dkt. no. 39 ¶ XV). Indeed, while Defendant points out this conflict, its argument ignores this friction altogether. The Court thus declines to address the conflict between these two preemption provisions, including

---

[2]The Court notes that, although it extends to Plaintiff the liberal pleading rules associated with *pro se* plaintiffs, Plaintiff is an attorney.

4

Defendant's cursory total preemption argument without the benefit of more in-depth briefing.

The Court will address whether Plaintiff's claims fall within the FCRA's private right of action provisions before turning to Defendant's argument that Plaintiff has failed to state a claim.

### 1. Private right of action under the FCRA

Congress enacted the FCRA, 15 U.S.C §§ 1681-1681x, "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)) (internal quotation marks omitted). Among other requirements, the FCRA mandates that "consumer reporting agencies ["CRA"] adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). To ensure the accuracy of credit reports, the FCRA places certain duties on the sources that provide credit information to CRAs, referred to as "furnishers of information."[3] *Gorman*, 584 F.3d at 1153; 15 U.S.C. § 1681s-2.

Section 1681s-2 establishes two categories of responsibilities for furnishers of information. *Gorman*, 584 F.3d at 1154. The first category covers the "[d]uty of furnishers of information to provide accurate information." 15 U.S.C. § 1681s-2(a). For example, furnishers of information are prohibited from reporting credit information if there is a "reasonable cause to believe" that it is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A). The second category describes the "[d]uties of furnishers of information upon notice of

---

[3] "The most common . . . furnishers of information are credit card issuers, auto dealers, department and grocery stores, lenders, utilities, insurers, collection agencies, and government agencies." *Gorman*, 584 F.3d at 1153 n.7 (quoting H.R. Rep. No. 108-263, at 24 (2003)) (internal quotation marks omitted).

5

1 dispute." 15 U.S.C. § 1681s-2(b). These duties, however, "arise only after the furnisher
2 receives notice of [a] dispute from a CRA; notice of a dispute received directly from the
3 consumer does not trigger furnishers' duties under subsection (b)." *Gorman*, 584 F.3d at
4 1154 (explaining that "notice of dispute" refers to "when a person who furnished
5 information to a CRA receives notice from the CRA that the consumer disputes the
6 information") (citation omitted); *see* 15 U.S.C. § 1681i(a)(2).

   The alleged conduct here falls within the FCRA's statutory provisions because
Plaintiff's claims are premised on allegations that Defendant negligently furnished
inaccurate and derogatory information about his loan payment history to the CRAs. *See*
15 U.S.C. § 1681s-2(a). Defendant qualifies as a "furnisher of information" under the
FCRA and is, therefore, required to comply with the provisions of § 1681s-2. However,
because Plaintiff directly notified Defendant that it furnished inaccurate information to the
CRAs, rather than disputing the report with the CRAs, Plaintiff has triggered § 1681s-2(a), but not subsection (b).

   Although the FCRA expressly provides a private right of action for willful or
negligent noncompliance with its terms, 15 U.S.C. §§ 1681n-1681o, the FCRA precludes
a private right of action for claims arising under § 1681s-2(a). 15 U.S.C. § 1681s-2(c)
("Except [for circumstances not relevant here], sections 1681n and 1681o of this title do
not apply to any violation of . . . subsection (a) of this section, including any regulations
issued thereunder."); *see Gorman*, 584 F.3d at 1154; *Nelson v. Chase Manhattan Mortg.
Corp.*, 282 F.3d 1057, 1059-60 (9th Cir. 2002). Furnishers' duties under § 1681s-2(a) are
enforceable only by federal or state agencies. *See* 15 U.S.C. § 1681s-2(d); *Gorman*, 584
F.3d at 1154. As the Ninth Circuit has explained, Congress limited enforcement of
§ 1681s-2(a) violations to these agencies because "Congress did not want furnishers of
credit information exposed to suit by any and every consumer dissatisfied with the credit
information furnished." *Nelson,* 282 F.3d at 1060.

   Plaintiff argues that he has alleged a "viable" claim under the FCRA, but the SAC
does not allege any FCRA violation, let alone the particular provision under which he is

6

seeking relief. Accepting the allegations in the SAC as true, Plaintiff's allegations of Defendant's conduct as a furnisher of information would trigger liability under § 1681s-2(a), for which no private right of action exists.[4] *See* discussion *supra.* As explained above, consumers like Plaintiff must follow the requirements of § 1681s-2(b) to preserve a private right of action. However, Plaintiff has not alleged that he complied with the requirements of § 1681s-2(b). Plaintiff cannot circumvent these statutory requirements by asserting state law claims based on conduct otherwise regulated under the FCRA. *See Woods v. Prot. One Alarm Monitoring, Inc.*, 628 F. Supp. 2d 1173, 1185-86 (E.D. Cal. 2007) (holding that plaintiffs did not allege a defamation claim because they failed to trigger § 1681s-2(b) by disputing a reporting inaccuracy only with the furnisher of the information). Accordingly, Plaintiff's common law claims for negligence (first and third claims) and libel/slander (second claim) are dismissed. The Court will, however, allow Plaintiff leave to amend to the extent he can allege facts showing that he complied with 15 U.S.C. § 1681s-2(b).

**2. Contract Claims**

Defendant argues that Plaintiff has failed to state a claim with respect to his two contract claims: breach of contract (fourth claim) and breach of the implied covenant of good faith and fair dealing (fifth claim). The Court agrees.

To state a claim for breach of contract, a plaintiff must plausibly allege "(1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006) (citing *Richardson v. Jones*, 1 Nev. 405 (1865)). Plaintiff asserts that Defendant is "responsible for the contractual provisions contained in the contracts . . . in connection with the promissory note, deed of trust and other related mortgaging documents" and that Defendant "breached said contracts" by reporting the inaccurate credit information to

---

[4] Plaintiff is not precluded from alleging that Defendant violated other FCRA provisions that create a private right of action.

7

the CRAs. (Dkt. no. 39 at 7.) Without further factual enhancement, this naked assertion of liability does not satisfy Rule 8(a)(2). Plaintiff fails to establish that any of the allegedly breached contracts contained a provision or term addressing the conduct alleged in the SAC. Furthermore, Plaintiff has not sufficiently identified which contract(s) Defendant breached based upon the alleged conduct, but has instead listed all potential contracts between the parties. This claim will be dismissed.

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement."[5] *A.C. Shaw Constr. v. Washoe Cnty.*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To state a valid claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must show: (1) plaintiff and defendant were parties to a contract; (2) defendant owed a duty of good faith to plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were thus denied. *See Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995). Plaintiff alleges that Defendant breached the implied covenant of good faith and fair dealing by reporting the false credit information to the CRAs. Similar to Plaintiff's breach of contract claim, Plaintiff has failed to identify which contract, if any, establishes the basis for Defendant's breach of the implied covenant of good faith and fair dealing.

///

---

[5]After reviewing Plaintiff's opposition brief, it is unclear whether Plaintiff intended to allege a claim for tort-based or contract-based breach of the implied covenant of good faith and fair dealing, as Plaintiff appears to argue that there is a special relationship between the parties within the negligence section of his brief. (*See* dkt. no. 43 at 11.) To maintain a tort-based claim for breach of the implied covenant, there must be a "special relationship between the tort-victim and the tortfeasor." *State, Univ. & Cmty. Coll. Sys. v. Sutton*, 103 P.3d 8, 19 (Nev. 2004). Tort liability is appropriate "where the party in the superior or entrusted position has engaged in grievous and perfidious misconduct." *Id.* (citation and internal quotation marks omitted). Plaintiff's Complaint fails to state a claim for tort-based breach of the implied covenant of good faith and fair dealing because he does not allege that the parties had a special relationship or that their dealings were anything more than an arm's length transaction. *See Enriquez v. J.P. Morgan Chase Bank, N.A.,* No. 2:08-cv-01422-RCJ-LRL, 2009 WL 160245, at *7 (D. Nev. Jan. 22, 2009).

1  Plaintiff has also failed to plead facts suggesting that Defendant's alleged conduct was
2  unfaithful to the purpose of that contract. This claim will similarly be dismissed.

### C. Leave to Amend

Plaintiff requests leave to amend. The court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave need not be granted where amendment: "(1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted).

Defendant has not argued that it will be prejudiced if Plaintiff is given leave to amend. Additionally, the Court cannot find that amendment would be futile here. Good cause appearing, leave to amend is granted.

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines they did not warrant discussion as they do not affect the outcome of the Motions.

It is ordered that Defendant's Motion to Dismiss (dkt. no. 41) is granted. Plaintiff may file an amended complaint within fifteen (15) days. Plaintiff is reminded that if he intends to allege a violation under the FCRA, his amended complaint should specify the provision of the FCRA for which a private right of action is available and the conduct that led to the violation. Failure to file an amended complaint will result in dismissal of Plaintiff's claims with prejudice.

It is further ordered that Plaintiff's Motion for Reconsideration (dkt. no. 63) is denied as moot without prejudice so that Plaintiff may refile the motion if the case proceeds.

DATED THIS 18th day of February 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE