UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| C. NICHOLAS PEREOS aka COSTA N. PEREOS,<br><br>Plaintiff,<br>v.<br><br>NATIONSTAR MORTGAGE, LLC, et al.,<br><br>Defendants. | Case No. 3:13-cv-00386-MMD-VPC<br><br>ORDER |

**I.   SUMMARY**

This Order addresses four pending motions. (ECF Nos. 106, 111, 113, 117.) For the reasons discussed herein, Defendants' two motions in limine (ECF Nos. 106, 117) and counter motion for leave to file reply (ECF No. 113) are denied. Plaintiff's motion to strike (ECF No. 111) is denied as moot.

**II.   BACKGROUND**

The factual background is recited in the Court's February 18, 2015, Order ("Dismissal Order"), granting Defendant's motion to dismiss and granting Plaintiff leave to amend. (ECF No. 72.) In the Dismissal Order, the Court declined to address Defendant's "cursory total preemption argument without the benefit of more in-depth briefing." (ECF No 72 at 4-5.) The Court found that Plaintiff failed to allege compliance with the requirements of 15 U.S.C. § 1681s-2(b) to assert a private right of action under that section and granted leave to amend to the extent Plaintiff can allege facts showing that he complied § 1681s-2(b). (*Id.* at 5-7.) (*Id.* at 7.) Plaintiff subsequently filed a Third Amended Complaint to which Defendant filed an answer. (ECF Nos. 75, 76.)

## III. LEGAL STANDARD

A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir.2009). It is a preliminary motion that is entirely within the discretion of the Court. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984). In limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n. 3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

## IV. MOTION IN LIMINE TO EXCLUDE SPECULATIVE DAMAGES – ECF NO. 106

Defendant's motion was not timely when filed and failed to comply with the personal consultation requirement. Trial was initially set for October 25, 2016. (ECF No. 103.) The April 7, 2016, Order Regarding Trial provides that motions in limine must be fully briefed and submitted for decision no later than thirty (30) days before trial. (ECF No 104 at 1.) That Order also directs counsel to meet and confer on the issues raised before filing the motion "and must include a statement certifying compliance with this personal consultation requirement." (*Id.*) These requirements — the filing deadline and personal consultation requirements — are similar to the amendments to the Local Rules as incorporated in LR 16-3, which became effective on May 1, 2016. Defendant's motion was filed on September 23, 2016, which would not be fully briefed thirty (30) days before October 25, 2016, trial date. Defendant's counsel contacted Plaintiff about the motion, but counsel did not engage in any discussion, let alone personal consultation, about the issues raised in the motion.

Setting aside these deficiencies, the Court disagrees with Defendant and will deny the motion. Defendant offers Plaintiff's deposition testimony where he explained what he did in connection with his attempt to refinance the apartment complex in Reno and why he did not make application to refinance the Las Vegas condominium to argue that Plaintiff's claim of damages as a result of the "failure to refinance" these two properties

1  are speculative. (ECF No. 106.) However, Plaintiff's testimony, assuming he will testify
2  consistent with his deposition testimony, offers sufficient evidence for the jury to decide
3  whether Plaintiff can establish his damages. The jury may infer from Plaintiff's testimony
4  that given the information he received from Wells Fargo and from Heritage Bank, it
5  would have been an exercise in futility for Plaintiff to submit a formal application to
6  refinance the apartment complex and submit application to refinance the condominium.
7  Defendant's motion (ECF No. 106) is denied.

8  Defendant filed a reply without leave of court in violation of LR 16-3(a), and tried
9  to cure by filing a countermotion to file its reply after Plaintiff moved to strike. (ECF No.
10 113.) However, the Court finds a reply is not helpful and denies Defendant's
11 countermotion for leave to file a reply (ECF No. 113).[1] Defendant's motion to strike (ECF
12 No. 111) is denied as moot.

### V. MOTION IN LMIINE TO EXCLUDE EVIDENCE RELATING TO CREDIT REPORTING — ECF NO. 117

15 Defendant seeks to exclude its credit reporting activities on two grounds: (1) there
16 is no evidence that a credit reporting agency notified Defendant of a claim as required
17 under 15 U.S.C. § 1681s-2(b) for Plaintiff to bring a private action under the Fair Credit
18 Reporting Act; and (2) Plaintiff's state law claims are preempted. (ECF No. 117.) The
19 Court agrees with Plaintiff that both grounds raise legal issues that should have been
20 asserted in a dispositive motion and are inappropriate to present on a motion in limine.
21 Moreover, in the Dismissal Order, the Court specifically declined to address preemption
22 because of Defendant's "cursory" argument. (ECF No 72 at 4-5.) Defendant's motion in
23 limine relating to credit reporting activities (ECF No. 117) is therefore denied.

24 ///
25 ///

---

[1] Defendant argues that a reply is warranted because Plaintiff's opposition brief fails to adequately address the premise of its motion. (ECF No. 113.) The Court can read the parties' briefs and discern the parties' respective arguments without the need for a reply and additional briefings on a motion to file reply and a motion to strike.

## VI. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines they did not warrant discussion as they do not affect the outcome of the pending motions.

It is ordered that Defendant's two motions in limine (ECF Nos. 106, 117) are denied. Defendant's countermotion to file a reply (ECF No. 113) is denied. Plaintiff's motion to strike (ECF No. 111) is denied as moot.

DATED THIS 20th day of December 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE